(No. 5916

JAMES CASTLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1973.*

THOMAS SWEENEY, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

This claim, filed September 3, 1970, is based on a written contract dated 10 years earlier (October 7, 1960) between the claimant and the Illinois Department of Public Works and Buildings. It was a contract for land clearing in

Marion County for a new state park north east of Salem with a manmade lake. Said agreement was identified as Contract No. 71321, Lake Project, Omega Site. The claimant-contractor was to be paid, and apparently was paid, an agreed sum for clearing a specified number of acres. The work was to have been completed by August 1, 1961, according to the written contract.

Now claimant contends that he should be paid an additional sum of $6,450 which he says was authorized by a "change order" covering an additional 50 acres cleared at $129 per acre.

An intensive examination of the record fails to show any change order signed by the respondent or by anyone other than the claimant himself.

Since respondent elected not to answer the complaint, a general traverse or denial of the facts as set forth in the complaint was considered as filed, pursuant to Rule 10 of this court. The issue being thus joined, it was incumbent upon the claimant to prove his claim by competent and admissible evidence. The record shows that he has failed to do so. We will comment on the only significant items of evidence on which this claim is based and on our reason for finding that, in any event, the claim is barred by the statute of limitation.

On August 4, 1972, respondent filed a motion to dismiss on the grounds that the complaint was not filed within 5 years after the cause of action first accrued as required by §22 of the Court of Claims Act in all cases arising out of contract. Respondent's motion appeared to be well taken since there was nothing but unsupported allegations in the record to indicate that the cause of action first accrued after September 3, 1965. (The date September 3, 1965, being exactly 5 years before this complaint was filed, is the date on which this action is barred by the statute unless claimant

proves that the cause of action first accrued after said date.)

Since the contract provides that payment for the work performed "shall be made within 30 days after completion," the exact or approximate date of completion becomes a very material fact in determining the issue before us. Yet, nowhere in the record do we find a completion date stated. This is a serious defect in claimant's pleadings. We think it can reasonably be inferred from the record that claimant must have completed all of his work by the end of 1962.

Claimant argued, in answering respondent's motion to dismiss, that his cause of action did not first accrue before September 3, 1965, since he was, at that time, still negotiating with the respondent on the matter of his claim for additional compensation, and that the statute of limitations should not run while such "transactions" were in progress. In his brief filed August 29, 1972, claimant cited several cases which the court considered somewhat relevant to claimant's contention but not to the facts in the record.

On its own motion, the court ordered oral argument, pursuant to Rule 20D, and the parties were heard by the full court on November 14, 1972. At the hearing claimant reaffirmed his previous statements and argument but did not contribute anything new to the existing record nor which would even tend to support his contention that negotiations or transactions concerning his claim were still in progress as late as September 3, 1965. Claimant suggested that he could and would undertake to submit some written statement or memorandum from the respondent to support his contention within 30 days. The court granted claimant's request for a 30 day continuance to produce such evidence.

On December 14, 1972, claimant filed a letter and

memorandum acknowledging that, after exhausting his efforts and research, he was unable to submit any further written or oral evidence from an agent or employee of the respondent that would tend to support his contention that transactions were in progress within 5 years prior to filing his claim, and nothing at all in writing concerning the alleged "change order." He referred us again to the documents and instruments previously filed.

Among the numerous documents and instruments previously filed, we find that the only instrument signed or written by the respondent was the original contract dated October 7, 1960. This contract contained the following paragraph on page 3 which we believe is determinative of claimant's rights in this cause:

> "*The final payment shall be made within thirty (30) days after the completion* in the manner, form and time required by this Contract, for the work included in this Contract, *but no payment whatever, or at any time, shall be demanded or due, except upon the written certificates of the said Architect,* to the effect that such payments have become due, and *such certificates shall in each instance be a condition precedent to the right to require payment,* and his decision thereon shall be final." (Emphasis added)

There is no written certificate from any architect in the record. There is in the record, marked claimant's Exhibit A, a copy of what purports to be a telegram to the claimant from the respondent's architect which reads as follows:

"CK PAID SPRINGFIELD, ILL 11 321 PM.

JAMES CASTLE
PAWNEE, ILLINOIS

RE MARION COUNTY CONSERVATION LAKE. THIS IS TO INFORM YOU THAT THE LAST 2 REMAINING TRACTS OF LAND HAVE NOW BEEN ACQUIRED AND THERE IS NO FURTHER REASON FOR NOT PROCEEDING WITH THE CLEARING WORK AS ORIGINALLY

CONTRACTED          YOURS TRULY
                    R D HENDERSON
                    ACTING SUPERVISORY ARCHITECT"

The telegram bears no date. The only date is in claimant's handwritten notation "Received January 11, 1962".

Claimant contends that the above unauthenticated telegram amounts to an extension of the completion time stated in the original contract. If so, it appears that this would bring the agreement within the *Statute of Frauds (Ch. 59, Sec. 1, Ill.Rev.Stat.)* as "an agreement that is not performed within one year from the making thereof". Hence claimant's alleged "change order", written by claimant himself, on which he claims additional compensation, would be unenforceable since it is not signed by the respondent. This merely adds additional weight to the specific language of the contract, quoted above, forbidding any payment, at any time, except upon the written certificate of respondent's architect. Claimant could not furnish such a certificate.

Claimant also offered as evidence a state printed folder describing "Illinois State Parks and Memorials" which allegedly shows the area of the man-made lake in Steven A. Forbes Park to contain more acres than claimant was paid for clearing under the original contract. Obviously such evidence is not sufficient to prove that the state waived the provisions of its written contract requiring architect's certificate as a condition precedent to payment.

The written contract is not ambiguous nor uncertain. The court cannot place a construction on the contract which is contrary to, or different from, the plain and obvious meaning of the language used. *I.L.P. Contracts §216.*

We find that claimant's cause of action, if any, accrued

when his work was completed; that completion must have been sometime in 1962; that he had 5 years after the completion in which to file his claim in this court for any unpaid compensation to which he believed he was legally entitled; that he did not file such action until 8 years or more after completion; that he failed to prove any facts that would toll the statute of limitation; but in no event could his claim for additional compensation be allowed without a certificate signed by respondent's architect as stated in the written contract.

Finally, although in this case it is now a moot question, we do not agree that the authorities cited by the claimant support his contention that a cause of action does not accrue so long as "negotiations" are continuing. If such a position were tenable, a statute of limitations might never commence to run, and a party against whom a claim is being made would have no incentive to discuss any part of the case with the opposing party for fear of tolling the statute of limitations.

The purpose of a statute of limitations is to avoid the situation which claimant now says he has encountered in the offices of the respondent. The file cannot be located, and no one has any recollection of his alleged claim. The need for such statutes is stated in *I.L.P. Limitations* §2 as follows:

> "Statutes of limitation are designed to prevent fraudulent and stale claims from springing up after the lapse of great periods of time and surprising parties or their representatives when all proper evidence or vouchers have been lost, or the facts have become obscure by reason of such lapse of time or the defective memory, or the death or removal, of witnesses. They are designed to afford security from stale demands, when the true state of transactions may be incapable of explanation and the rights of the parties cannot be satisfactorily investigated."

For the above reasons, this claim must be and is hereby denied.

CLAIM DENIED.